# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **AMBER WEEDEN aka JACK ROSSI**<br>1842 E. Clearfield Street<br>Philadelphia, PA 19134<br><br>              Plaintiff<br>     v.<br><br>**WAWA, INC.**<br>Red Roof, 260 W. Baltimore Pike<br>Wawa, Pennsylvania 19063<br><br>and<br><br>**JENNIFER LOWE**, Individually, and in her official capacity as General Manager<br>Red Roof, 260 W. Baltimore Pike<br>Wawa, Pennsylvania 19063<br><br>and<br><br>**BELINDA WILSON**, Individually, and in her official capacity as Food and Beverage Manager<br>Red Roof, 260 W. Baltimore Pike<br>Wawa, Pennsylvania 19063<br><br>              Defendants. | Civil Complaint No.<br><br>**JURY TRIAL OF TWELVE (12) JURORS DEMANDED** |

## CIVIL ACTION COMPLAINT

Plaintiff, Amber Weeden aka Jack Rossi, by and through his undersigned attorneys, complaining of Defendants, Wawa Inc., brings the instant action requesting judgment in his favor, and against Defendants, and in support thereof, alleges, upon information and belief, as follows:

## PARTIES

1. Plaintiff, Amber Weeden aka Jack Rossi, is an adult individual, residing at the above-captioned address. At all times material hereto, Mr. Rossi was employed by Defendant, Wawa, Inc., as a Customer Service Associate.

2. Defendant, Wawa, Inc. ("Wawa") is a privately owned chain of convenience stores and gas stations located along the East Coast of the United States. Wawa headquartered at the above-captioned address. Upon information and belief, Wawa is valued approximately $13 billion.

3. Defendant, Jennifer Lowe (Lowe), at all times material herein, acted individually, as well as in her individual capacity as an agent, servant, workman, or employee of Wawa. At all times material herein, Lowe was employed by Defendant as General Manager of the Wawa store located at 2114 Church Road, Cinnaminson, NJ 08077.

4. Defendant, Belinda Wilson (Wilson), at all times material herein, acted individually, as well as in her individual capacity as an agent, servant, workman, or employee of Wawa. At all times material herein, Lowe was employed by Defendant as Food and Beverage Manager of the Wawa store located at 2114 Church Road, Cinnaminson, NJ 08077.

## JURISDICTION AND VENUE

5. Jurisdiction over the matter is conferred upon the Court by 28 USC § 1331, as the cause of action arises under federal law.

6. Venue is proper as the facts and transactions involved herein occurred in large part in this judicial district.

7. Plaintiff reserves the right to amend this Complaint to include additional facts, claims, and allegations upon exhaustion of administrative remedies.

8. Plaintiff has exhausted her administrative remedies and obtained a Right to Sue Letter from the EEOC. (Exh. A).

## STATEMENT OF FACTS

9. The above paragraphs are incorporated herein by reference.

10. Defendant, Wawa has subjected Plaintiff, to discrimination based on his gender.

11. Plaintiff began working for Defendant on or about April 4, 2019, as a Customer Service Associate at one of its Philadelphia stores located at 4506-10 Castor Avenue.

12. Plaintiff is a transgender male. At all times material, Defendants were aware that Plaintiff is transgender.

13. After approximately 6 months, Plaintiff was promoted to Lead Customer Service Associate.

14. In or around March 2020, Plaintiff was transferred to the Wawa store located at 2114 Church Road, Cinnaminson, NJ 08077.

15. Defendant Wilson would force Plaintiff to perform her duties while she sat in the back of the store. In or around May 2020, Plaintiff made a complaint to Defendant Lowe about what Defendant Wilson was doing.

16. Shortly after making his complaint, Defendant Wilson began retaliating against Plaintiff. Defendant Wilson would repeatedly refer to Plaintiff as "she."

17. Defendant Wilson would ask store associates and customers if Plaintiff looked like a boy or a girl.

18. On or about July 10, 2020, Defendant Wilson began throwing empty candy boxes at Plaintiff for no reason.

19. On or about July 17, 2020, Defendant Wilson intentionally rammed a rethermalizer (commercial cooking equipment that uses hot water to heat frozen foods) which caused a frozen bag of soup to fall on Plaintiff's back.

20. Plaintiff complained to Defendant Lowe several times about what was happening and nothing was ever done.

21. On or about July 18, 2020, Plaintiff had no other choice but to resign from his position at Wawa.

22. The actions of Defendants have caused Plaintiff to suffer embarrassment, stress, anxiety, financial loss.

## STATEMENT OF CLAIMS
## COUNT I
## VIOLATION OF TITLE VII-GENDER

23. The foregoing paragraphs are hereby incorporated herein by reference.

24. By committing the foregoing acts of discrimination against Plaintiff, Defendant has violated Title VII.

25. Said violations were done with malice and/or reckless indifference and warrant the imposition of punitive damages.

26. As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has suffered the damages and losses set forth herein and has incurred attorney's fees and costs.

27. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant discriminatory acts unless and until this Court grants the relief requested herein.

## COUNT II
## VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT (PHRA)

28. The above paragraphs are incorporated herein by reference.

29. The above acts and practices of Defendant constitute unlawful discriminatory employment practices under the PHRA.

30. As a result of Defendants' discriminatory acts, Plaintiff has suffered and shall continue to suffer monetary damages and damages for mental suffering and humiliation unless and until the Court grants relief.

### COUNT III
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

31. Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

32. The actions of the Defendants' were designed to emotionally harm Plaintiff by causing him to subsist in an overwhelming, intimidating and hostile work environment.

33. The conduct of Defendants was intentional, oppressive, and malicious and/or in wanton disregard of the rights and feelings of Plaintiff and constitutes despicable conduct, and by reason thereof Plaintiff demands exemplary or punitive damages against Defendants in an amount appropriate to punish him and to deter him and others from such conduct in the future.

**WHEREFORE,** Plaintiff demands judgment in her favor and against Defendants individually, jointly and/or severally, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, together with interest, costs, punitive damages, attorney's fees and such other and further relief as this Honorable Court deems just, plus injunctive relief.

Plaintiff additionally prays to be compensated with a rate of pay and other benefits and emoluments of employment to which he would have been entitled had he not been subjected to the aforesaid, including but not limited to, an award of front, back and lost pay, compensatory damages for future pecuniary loss, and for such other and further relief as this Honorable Court deems just and proper

**JURY DEMAND**

Plaintiffs hereby demand a jury trial as to all issues so triable herein.

Respectfully submitted,

*/s/ David Berlin*
David Berlin, Esquire
PA Attorney ID No. 314400
Matthew B. Weisberg, Esquire
PA Attorney Id. No. 85570
7 South Morton Ave.
Morton, PA 19070
(610) 690-0801
(610) 690-0880 – Fax

*/s/ Gary Schafkopf*
Gary Schafkopf, Esquire
SCHAFKOPF LAW
PA Attorney Id. No. 83362
11 Bala Ave.
Bala Cynwyd, PA 19044
(610) 664-5200 (ext. 104)
(888) 283-1334 – Fax

# EXHIBIT A